```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
     v.                             )    Cr. No. 11-107-02 WES
                                    )
LOUIS R. PETERS III,                )
                                    )
          Defendant.                )
_____ )
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant Louis R. Peters III's Motion To Vacate or Correct Sentence Pursuant to 28 U.S.C. § 2255 (18 U.S.C. § 924(c)) ("Motion To Vacate").[1]

On June 22, 2011, a grand jury indicted Defendant Peters, along with co-Defendant, Craig A. Carey, in connection with a bank robbery.[2] On January 25, 2012, Peters pleaded guilty to three counts of the Indictment: conspiracy to commit bank robbery (Count 1); bank robbery (Count 2); and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).[3] More specifically, Peters was convicted of brandishing a firearm in Count

---

[1] ECF No. 79.

[2] See generally Indictment, ECF 7.

[3] Minute Entry dated 1/25/2012; see also Indictment 1-6, ECF No. 7.

3 for the bank robbery charged in Count 2.[4]  Thereafter, the Court sentenced him to 120 months' imprisonment:  36 months for Counts 1 and 2, to run concurrently with one another, and 84 months for Count 3, to run consecutively to Counts 1 and 2.[5]

On June 13, 2016, Defendant filed a pro se Motion To Vacate, arguing that, in light of the Supreme Court's decision in Johnson v. United States (Johnson II), 135 S. Ct. 2551 (2015), he was unlawfully sentenced under the residual clause of 18 U.S.C. § 924(c)(3)(B), which is substantially similar to the residual clause in the Armed Career Criminal Act ("ACCA").[6]  ACCA's residual clause was struck down as unconstitutionally vague in Johnson II, 135 S. Ct. at 2551.  In Welch v. United States, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that Johnson II announced a substantive rule and therefore had retroactive effect.

On February 1, 2017, the Federal Public Defenders entered a notice of appearance, and thereafter filed a Supplemental Memorandum in Support of Motion To Vacate or Correct Sentence under 28 U.S.C.

---

[4] Count 3 of the Indictment refers to the charged crime of violence as "bank robbery." Because Count 3 charges the use of a firearm in the course of the bank robbery charged in Count 2, it is clear that the predicate crime of violence is armed bank robbery. See Indictment, ECF No. 7.

[5] Minute Entry dated 11/19/2012; Am. J. 2-3, ECF No. 60.

[6] See generally Def.'s Mot. To Vacate.

2

§ 2255; Defendant Convicted under 18 U.S.C. § 924(c).[7]  The Government filed responses in opposition to the Motion To Vacate.[8]

Since Defendant filed his Motion To Vacate, the First Circuit has concluded that "federal bank robbery, and a fortiori federal armed bank robbery, are crimes of violence under the force clause of § 924(c)(3)."  Hunter v. United States, 873 F.3d 388, 390 (1st Cir. 2017); see also United States v. Ellison, 866 F.3d 32, 35-37 (1st Cir. 2017) (holding that 18 U.S.C. § 2113(a) is a crime of violence under U.S.S.G. § 4B1.2(a)).  Under Hunter, Defendant's bank robbery conviction conclusively falls within § 924(c)'s force clause, and accordingly, the Court need not reach the question of whether § 924(c)'s residual clause is void for vagueness.  Defendant's Motion To Vacate (ECF No. 79) is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date:  December 11, 2017

---

[7] Notice of Attorney Appearance, ECF No. 93; Supp. Mem. in Supp. of Mot. To Vacate or Correct Sentence under 28 U.S.C. § 2255, ECF No. 94.

[8] United States' Resp. to Pet. under 28 U.S.C. § 2255 Johnson Claim in Sec. 924(c) Case, ECF No. 82; United States' Supp. Resp. to Pet. under 28 U.S.C. § 2255 Johnson Claim in Sec. 924(c) Case, ECF No. 86; United States' Second Supp. Resp. to Pet. under 28 U.S.C. § 2255 Johnson Claim in Sec. 924(c) Case, ECF No. 92.